GEORGE B. BERGKAMP, Respondent, *v.* CHARLES W. HELD, Appellant.

First Department, January 12, 1923.

Contracts — action to recover one-half of commission or profits arising from business — no recovery where defendant received only salary and worthless stock.

A recovery cannot be had in an action on a contract providing that the plaintiff and the defendant would divide any receipts that they might receive from building or repairing ships whether the same be profits or commission, where it appears that the defendant with the assistance of the plaintiff became connected with a corporation engaged in shipbuilding but that he received therefrom only his salary, the expenses of a trip to recover his health, and shares of stock in the corporation which were worthless, for under the circumstances the defendant did not derive any profits or commission.

APPEAL by the defendant, Charles W. Held, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of June, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Henry Greenberg,* for the appellant.

*Ellsworth Baker,* for the respondent.

DOWLING, J.:

Plaintiff has brought this action to recover the sum of $20,000, claimed to be due him from defendant pursuant to the terms of an agreement between them, whereunder plaintiff claimed to have performed services for defendant, a practical shipbuilder, in procuring for him an association with other persons possessing the capital, plant and equipment necessary to the maintenance and operation of a shipyard and shipbuilding business; for which services defendant promised to pay plaintiff one-half of all moneys or things of value received by the former for such association procured by plaintiff.

Upon the trial, plaintiff offered in evidence the agreement in writing between the parties, which was received, and which is the basis of his claim. It reads as follows:

" This agreement between Chas. W. Held and Geo. B. Bergkamp for dividing the receipts that they may receive from building houses or shipbuilding or repairing ships, and they will divide the said receipts when received equally among them, whether same is profits or commission.

"July 30th, 18.                                   · C. W. HELD."

Upon the trial there was a dispute as to the scope of the agreement, the trial court charging that defendant claimed " the agreement only related to some contemplated building of houses, which was never effectuated at all; that they had no intention that it should apply to shipbuilding." And further: " If you find from this evidence that the agreement was made between the plaintiff and defendant, and that it contemplated that this defendant should divide the profits in the shipbuilding business into which he subsequently entered with this plaintiff in consideration of plaintiff's having put him in the way of getting that position, having become Vice-President of that corporation, then of course you will find for the plaintiff. If, on the other hand, you find that this plaintiff did not get this position for the defendant, had nothing to do with it, that the defendant got it himself, then of course you will find for the defendant."

Upon the question of damages the court had charged: " The point in dispute is as to repairing ships; and the agreement is that they will divide the receipts when received equally among them, whether the same are profits or commissions. Assuming that that is a valid contract — and it seems to be so, if there was consideration for it — that would indicate that these two men agreed that they should divide the receipts from whatever source they came."

At the close of the charge the following occurred: " Mr. Greenberg: I desire to except to your Honor's charge to the jury that the sums received by Held were either as profits or commissions. The Court: I didn't tell the jury that. I simply told the jury that he had received that amount. How he got it I don't know. Mr. Greenberg: I now ask your Honor to charge the jury that whatever amounts the defendant Held received from the North River Ship & Engine Company were received by him as salary and not as profits or commissions. The Court: I will charge the jury that he testified that he received it as salary. I will also charge the jury that the receipts of a corporation, instead of being declared as dividends, are sometimes divided among the officers in the shape of salaries; but whatever he got was earned by the corporation, whether it was salary or whatever it was. Mr. Greenberg: I except to that charge as modified."

Under the agreement between the parties, as established by the writing offered in evidence by plaintiff, he was to receive one-half of all " receipts " by defendant, " whether same is profits or commission."

Plaintiff testified that defendant told him he had made over $40,000 since he had been in the North River Ship and Engine

Corporation, organized as the result of plaintiff's efforts and his introduction of one Ross to defendant. Defendant testified that the corporation first organized was the Ross-Gold Corporation which did no business and paid him no money; that thereafter the North River Ship and Engine Corporation was formed, of which Ross was president, and by which defendant was employed from February, 1919, until January, 1921, receiving in salary an aggregate of " about $14,000 to $16,000; closer to sixteen." Outside of salary, defendant received from the corporation in money the sum of $3,000 to pay his expenses on a six weeks' trip to California to recover his health. Besides these moneys he received 225 shares of stock in the corporation on which no dividend was ever paid. The corporation went out of business in January, 1921, owing $35,000, and was dispossessed from its offices.

Treating the agreement between the parties as applicable to defendant's relations with the North River corporation, as the jury found it was, plaintiff was entitled thereunder only to one-half of what defendant received in the way of profits or commission. The evidence is undisputed that defendant received no profits or commission from the corporation. What he received was salary for services actually performed, the expenses of a trip for his health and shares of stock of no value. Plaintiff, therefore, failed to prove his right to recover any damages under his contract.

The judgment and order appealed from should be reversed, with costs, and judgment ordered dismissing the complaint upon the merits, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and judgment ordered dismissing complaint upon the merits, with costs.